UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CANODY,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>            Defendant. | Case No.  1:26-cv-03035-HBK<br><br>ORDER TO SHOW CAUSE<br><br>JULY 9, 2026 DEADLINE |

This matter is before the Court on initial review and screening under 28 U.S.C. § 1915A. Plaintiff Joseph Canody, a state prisoner, constructively filed this pro se civil rights action on March 24, 2026.[1]  (Doc. 1).  Plaintiff's claims arise from events that occurred on or about June 27, 2020.  (*Id*. at 3).  Plaintiff's claims are subject to a four-year statute of limitations.  The Court will allow Plaintiff an opportunity to show cause why this case should not be dismissed as time-barred before recommending dismissal.

APPLICABLE LAW

For actions brought under 42 U.S.C. § 1983, the statute of limitations is borrowed from

---

[1] The Court applies the prison mailbox rule to *pro se* prisoner pleadings, deeming the pleading filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002).  The Complaint was docketed on April 22, 2026, but Plaintiff signed it on March 24, 2026. (*See* Doc.1 at 4).  Absent evidence to the contrary the Court treats this as the filing date.

the forum state's statute of limitations for personal injury actions, which is two years in California. *Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1. The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)); *Jones*, 393 F.3d at 927 (explaining when a federal court borrows a state statute of limitation, it also borrows all applicable state tolling provisions). Under California law, the statute of limitations for prisoners serving less than a life term is tolled for two years. Cal. Code Civ. Proc. § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for California prisoners not serving a life term is four years.

Unlike the length of the limitations period, however, the accrual date of a § 1983 cause of action is a question of federal law. *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543–44. Under the traditional rule of accrual , a tort cause of action accrues, and the statute of limitation begins to run, "when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put differently, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

If a complaint is untimely, it still may proceed if subject to equitable tolling. *Fink v. Shedler*, 192 F.3d 911, 916–17 (9th Cir.1999). To invoke equitable tolling, a plaintiff must show: (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct by the plaintiff." *Neil through Cyprian v. Park*, 833 F. App'x 689, 690 (9th Cir. 2021) (internal quotations omitted.)

ANALYSIS

Plaintiff's complaint alleges Eighth Amendment claims for excessive force and deliberate indifference to medical needs. (*See generally* Doc.1). The events underlying these claims occurred on or about June 27, 2020. (*Id.* at 3).

According to the State of California's inmate locator, Plaintiff has a parole eligibility date

of May 2030.[2]  Thus, his claims are subject to the four-year limitations period and should have been brought no later than June 27, 2024.

The Court will provide Plaintiff an opportunity to show cause why this case should not be dismissed as time-barred.  In the alternative, Plaintiff may file a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1) if he concedes the action is time barred and wishes to avoid a strike.[3]

Accordingly, it is ORDERED:

1. No later than July 9, 2026, Plaintiff shall deliver to correctional officials for mailing his response to this Order to Show Cause explaining why this case should not be dismissed as barred by the applicable statute of limitations.

2. Alternatively, by the same date, Plaintiff may deliver a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), dated and signed, seeking voluntary dismissal of this action.

3. If Plaintiff fails to respond to this Order to Show Cause, the undersigned will recommend that the district court dismiss this action as time-barred.

Dated:    June 9, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=BY5373.

[3] Under § 1915(g), a prisoner who has three or more prior cases dismissed as frivolous, malicious, or for failure to state a claim may be barred from bringing a civil action and paying the filing fee on an installment basis. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).  A dismissal for failure to state a claim counts as a strike under § 1915(g) regardless of whether it is with or without prejudice. *Lomax,* 140 S. Ct. at 1727.  A complaint dismissed as barred by the statute of limitations also qualifies as a strike. *See Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015).

3